```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )    No. 4:06CR648 DJS
                             )              (FRB)
CRYSTAL R. WOMACK,           )
                             )
          Defendant.         )
```

## **MEMORANDUM,**
## **REPORT AND RECOMMENDATION**
## **OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The defendant filed a Motion to Suppress Statements. Testimony and evidence was adduced on the motion at a hearing before the undersigned on November 21, 2006. On the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law:

### Findings of Fact

In December 2005, agents of the Federal Bureau of Investigation (F.B.I.) were notified by the Southern Commercial Bank of a theft of monies belonging to the bank. The bank also reported that it was suspected by them that an employee, Crystal R. Womack, the defendant here, was responsible for the theft.

As part of the investigation, on March 10, 2006, Agents Hallie Tichenor and Anthony Bernadoni of the F.B.I. went to the home of Crystal Womack at 4171 Itaska in St. Louis, Missouri, for

the purpose of interviewing Womack about the matter under investigation. Upon arriving at the residence the agents knocked on the door. The door was answered by the defendant's brother. The agents identified themselves, displayed their credentials and asked to speak to the defendant. The defendant was summoned to the door by her brother. The defendant then invited the agents into the residence. She sat with them in the living room area of the residence. The defendant expressed concern to the agents that she didn't want her brother or her boyfriend, who was also present in the residence, to hear what was being discussed by her with the agents. She spoke in a soft tone of voice with the agents. Agent Tichenor sat on a couch next to the defendant and Agent Bernadoni sat in a chair nearby.

Agent Tichenor asked the defendant if she knew why the agents were there and the defendant answered yes. Agent Tichenor told the defendant that the agents wanted to talk about the incident at the bank, that they had some documents that they wanted to show to the defendant, and that they had some questions that they wanted to clear up. The defendant was told that she did not have to talk with the agents if she did not wish to do so. The defendant asked if she was under arrest and was told that she was not. She asked if a court date had been set and was told by the agents that the matter was still under investigation and that there was no pending court date.

The agents then interviewed the defendant. At one point the defendant began crying. She got up to dry her eyes. She left

the living room and then returned.  The defendant told the agents that she was embarrassed.  She was concerned that her aunt, who was an employee of Southern Commercial Bank, and her mother would learn about the matter.  Agent Tichenor told the defendant that the agents were not going to discuss with the defendant's mother anything that the defendant said to them during the interview.  The defendant was not physically restrained in any way during the interview.  No threats or promises were made to the defendant before or during the interview.  The interview lasted approximately an hour.  The defendant terminated the interview when she heard a car door closing.  She told the agents to leave before her mother came into the residence.  The defendant agreed to meet with the agents the following week.  The agents then left the residence.  The defendant did not appear for the scheduled meeting the following week.

## Discussion

As grounds for her motion to suppress the defendant asserts that her statements to the F.B.I. agents on March 10, 2006, were not voluntary and were coerced by a misleading representation by the agents that anything she said to them would "stay between us."

In considering whether a confession was voluntary, the determinative question is whether the confession was extracted by threats, violence, or promises (express or implied), such that the defendant's will was overborne and his or her capacity for self-determination was critically impaired.  <u>Sumpter v. Nix</u>, 863 F.2d 563, 565 (8th Cir. 1988)(citing <u>Culombe v. Connecticut</u>, 367 U.S. 568, 602 (1961)).  In making this determination, courts look at the

totality of the circumstances, including the conduct of the law enforcement officials and the defendant's capacity to resist any pressure. United States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990), cert. denied, 502 U.S. 829 (1991).

"Coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'". Colorado v. Connelly, 479 U.S. 157, 167 (1986). "Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law." Id. at 164.

The agents made no threats or promises to the defendant during the course of their interview to induce the defendant to make any statements to them. The assertion in the defendant's motion that anything she said to the agents would "stay between us" is not supported by evidence adduced at the motion hearing.

Upon making contact with the defendant the agents identified themselves. The defendant then invited the agents into her home. She acknowledged understanding why they wanted to speak to her. She was told that she did not have to answer questions if she did not wish to do so. In response to her questions to the agents she was told that she was not under arrest, and that no charges had yet been filed. She was free to move about during the interview and did so. When the defendant indicated that she wished to terminate the interview the agents did so and left the residence as the defendant asked them to do. All of these circumstances indicate that the defendant's statements to the agents were voluntary. United States v. Eldeeb, 20 F.3d 841, 842 (8th Cir.),

cert. denied, 513 U.S. 905 (1994); Beckwith v. United States, 425 U.S. 341, 347-48 (1976).

## Conclusion

For all of the foregoing reasons, the defendant's Motion to Suppress Statements (Doc. No. 17) should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the defendant's Motion to Suppress Statements (Docket No. 17) be denied.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_____
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of December, 2006.